UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:20 CR 84 |
| ) | |
| DWAYNE CRAWFORD ) | |

### OPINION and ORDER

Defendant Dwayne Crawford, who is facing a charge of illegally possessing a firearm as a felon, moved to suppress evidence recovered during a traffic stop. (DE # 47.) Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred this matter to Magistrate Judge Andrew P. Rodovich, who held an evidentiary hearing (DE # 57) and issued a Report and Recommendation (DE # 59), in which he recommended that this court grant the motion to suppress. The Government filed a timely objection to the Report and Recommendation. (DE # 72.) Defendant responded. (DE # 76.)

When a party files a timely objection to a magistrate judge's report and recommendation, the district judge – giving deference to the magistrate judge's findings of fact and credibility determinations – must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). But a de novo determination is not the same as a de novo hearing; the district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995).

The court now accepts and adopts the following relevant factual findings from Magistrate Judge Rodovich's Report and Recommendation which, unless otherwise stated, are undisputed.

On January 22, 2020, Officer Alexander Reillo of the Munster Police Department was on routine patrol in his squad car, which was equipped with a dash cam. The dash cam would automatically activate when the officer turned on his sirens and lights; an officer could also manually activate the dash cam. Once the dash cam was activated, it saved the recording starting at 30 seconds before activation.

On that same day, defendant was riding in the front passenger seat of a leased gray sedan. Robert Thompson was driving the car, while Vanessa Jeffries rode in the back seat. Another individual was named on the lease. Neither Thompson nor either passenger had a valid license.

Officer Reillo testified that, as he was heading southbound on the 8000 block of Calumet Avenue, he noticed the gray sedan make two unsafe lane changes as it proceeded northbound on the same road. Officer Reillo testified that he made a U-turn without activating his lights and proceeded northbound. This action was not preserved by the dash cam. Next, in the right northbound lane, one car slowed down for traffic two or three car lengths behind the car in front of it. Without signaling, the gray sedan moved from the left lane into the two or three car length space in the right lane. Officer Reillo activated his sirens and lights, which preserved the prior 30 seconds that the dash cam had recorded, including the gray sedan's maneuver from left lane to right lane. Officer Reillo's incident report indicated that he observed the gray sedan make "several

2

unsafe lane changes." In a second incident report, he again stated that the sedan made "several unsafe lane changes." In neither report did Officer Reillo state that he was initially traveling southbound and made a U-turn.

Crawford attested to a different version of the events. He claims that he first saw Officer Reillo in the Arnie's Parking lot waiting for northbound traffic to clear. He claims that he made eye contact with Officer Reillo and then watched him in the rearview mirror. He noticed that Officer Reillo had pulled out of the Arnie's parking lot to follow them. Officer Reillo denied that he was parked at Arnie's, but also testified he could not remember exactly where he made his U-turn and conceded that he may have used the Arnie's parking lot.

Ultimately, Officer Reillo stopped the gray sedan and a search later ensued. Defendant moved to suppress evidence regarding the loaded handgun that was eventually recovered from the vehicle. Defendant claimed that the stop was racially motivated and extended an impermissible duration of time. Magistrate Judge Rodovich held an evidentiary hearing (DE # 57), at which both Officer Reillo and defendant testified.

Magistrate Judge Rodovich found that Officer Reillo and defendant's testimony could not be reconciled and that a credibility determination was required. Magistrate Judge Rodovich stated that Officer Reillo's testimony was "inconsistent" with his two incident reports, and that dash cam video "raise[d] doubts concerning the true motivation for the stop." (DE # 59 at 11.) Magistrate Judge Rodovich held that the Government had the burden to prove that the stop was not racially motivated, and had

3

failed to meet that burden. However, Magistrate Judge Rodovich also determined that the length of the detention was reasonable. Magistrate Judge Rodovich recommended that the court grant defendant's motion to suppress.

The court has reviewed Magistrate Judge Rodovich's findings de novo, and disagrees with the legal standard applied in the Report and Recommendation with respect to the propriety of the stop itself. According to the Report and Recommendation, a racially-motivated traffic stop warrants application of the exclusionary rule to any incriminating evidence uncovered as a result of the stop. (*See* DE # 59 at 11-13.) This legal recommendation is rooted in the guarantees of the Equal Protection clause. (*See id.* at 11, citing *Conley v. United States,* 5 F.4th 781, 788 (7th Cir. 2021)). However, neither the Supreme Court nor the Seventh Circuit Court of Appeals has authorized remedying an Equal Protection violation by application of the exclusionary rule. *See United States v. Armstrong,* 517 U.S. 456 n.2 (1996) (noting that the Court has "never determined whether dismissal of the indictment, or some other sanction, is the proper remedy if a court determines that a defendant has been the victim of prosecution on the basis of his race"); *United States v. Nichols,* 512 F.3d 789, 794 (6th Cir. 2008) ("[W]e are aware of no court that has ever applied the exclusionary rule for a violation of the Fourteenth Amendment's Equal Protection Clause"); Brooks Holland, *Racial Profiling and A Punitive Exclusionary Rule,* 20 Temp. Pol. & Civ. Rts. L. Rev. 29, 30 (2010) (advocating for the application of the exclusionary rule in the equal protection context, but noting that "[t]he Supreme Court, however, has not determined

4

whether an equal protection violation implicates the traditional criminal procedure remedy: the exclusionary rule.").

Rather, the exclusionary rule was created to disallow the introduction of evidence obtained in violation of the Fourth Amendment. *United States v. Matthews,* 12 F.4th 647, 652 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 1212 (2022) ("The exclusion of evidence for a violation of the Fourth Amendment is a judicial remedy intended to deter police misconduct and thereby protect Fourth Amendment rights."). Under well-established Fourth Amendment jurisprudence, an officer's actions are reviewed under an *objective* standard, with no weight given to the officer's subjective intentions – even motivations related to race. *Whren v. United States,* 517 U.S. 806, 813 (1996); *United States v. Cole,* 21 F.4th 421, 428 n.2 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 1420 (2022) (reaffirming objective test for Fourth Amendment violations, and noting that changing that standard "is an issue for the Supreme Court, not us"). Thus, Officer Reillo's actual motivations for initiating the traffic stop are irrelevant in the context of the Fourth Amendment.

"Only reasonable suspicion of a traffic violation—not probable cause" is required to initiate a traffic stop, *Cole,* 21 F.4th at 427, and so long as there exists an "objective basis" for that reasonable suspicion, the traffic stop does not offend the Fourth Amendment. *United States v. Lewis,* 920 F.3d 483, 489 (7th Cir. 2019). In this case, it is undisputed that the dash cam recorded an improper lane change in violation of Indiana law. *See* Ind. Code § 9-21-8-49 ("A signal of intention to turn right or left shall be given continuously during not less than the last two hundred (200) feet traveled by a vehicle

5

before turning or changing lanes."). This infraction alone, recording on the dash cam, constituted an objective basis for a reasonable suspicion that a traffic violation occurred.

Accordingly, the court need not delve into Magistrate Judge Rodovich's credibility findings regarding Officer Reillo, nor must it address any other possible infractions. *United States v. Williams,* 627 F.3d 247, 250-51 (7th Cir. 2010) (affirming district court's decision to: (1) discredit officer's testimony regarding alleged seat belt violation as purported rationale for traffic stop, and (2) nonetheless find alternative basis for stop); *United States v. Martin,* 360 F. App'x 686, 689 (7th Cir. 2010) (holding officer had "independent basis for the stop" regardless of other reason given); *see also United States v. Cervantes,* 19 F.3d 1151, 1153 (7th Cir. 1994) ("[I]f the government has a right . . . to search . . . and does so, one has no right to complain even if the ostensible ground for the search was different and improper.").

In his initial motion to suppress, defendant also briefly argued that Officer Reillo unreasonably extended the duration of the traffic stop. (DE # 47 at 6.) In his Report and Recommendation, Magistrate Judge Rodovich recommended that this court conclude that the length of the detention was reasonable. (DE # 59 at 13.) No party has objected to this recommendation or the underlying reasoning, so the court now accepts and adopts it. Defendant did not argue that the remainder of the search violated his rights, so the court need not go any further.

For the foregoing reasons, the court **ACCEPTS in part**, and **REJECTS in part** Magistrate Judge Rodovich's Report and Recommendation (DE # 59) pursuant to 28 U.S.C. § 636(b)(1)(C), and **DENIES** defendant's motion to suppress (DE # 47).

                                          **SO ORDERED.**

Date: July 8, 2022

                                       s/ James T. Moody
                                      JUDGE JAMES T. MOODY
                                      UNITED STATES DISTRICT COURT