UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Cause No. 2:20-CR-084-PPS-APR |
| DWAYNE CRAWFORD, | ) ) ) |
| Defendant. | ) ) |

# OPINION AND ORDER

Defendant Dwayne Crawford was indicted for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [DE 1.] He pled guilty to the charge, and I accepted his guilty plea. [DE 109; DE 113.] A sentencing hearing was set on July 18. [DE 124.] Three days before his sentencing hearing, Crawford filed a motion to dismiss the indictment and withdraw his guilty plea. [DE 125.] The hearing was converted to a status conference and I ordered the parties file briefs addressing Crawford's motion. [DE 127; DE 128.]

Crawford moves to dismiss the charge and withdraw his guilty plea because the Second Amendment to the United States Constitution, as recently construed by the Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), protects his right to possess a firearm and the statute is unconstitutional as applied to his case. [DE 125 at 1.] The government has responded to the motion [DE 129], and the time for Crawford's reply has expired, so the motion is ripe for ruling.

In a series of recent decisions, the Supreme Court has expounded upon the individual right to keep and bear arms guaranteed by the Second Amendment. *See Bruen*, 142 S. Ct. at 2122; *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010); *District of Columbia v. Heller*, 554 U.S. 570 (2008). In so doing, the Court has repeatedly underscored that the Second Amendment protects the rights of "ordinary, law-abiding" citizens to keep and bear arms, and that its articulation of the rights guaranteed by the Second Amendment should not be construed to cast any doubt on "prohibitions on the possession of firearms by felons and the mentally ill." *Bruen*, 142 S. Ct. at 2122; *McDonald*, 561 U.S. at 786 (quoting *Heller*, 554 U.S. at 626–27). Simply put, because under the present state of the law, the Second Amendment does not protect the right of felons to possess firearms, Crawford's motion must be denied.

## Background

This case has quite a bit of dust on it, so here's the brief procedural background. On July 16, 2020, Crawford was indicted on a count of being a felon in possession of a firearm on or about January 22, 2020, in violation of 18 U.S.C. § 922(g)(1). [DE 1.] While the case was pending before Judge Moody, Crawford pled guilty to the indictment [DE 25], and a change of plea hearing was held February 23, 2023 before Judge Rodovich [DE 27; DE 39]. After the change of plea hearing, but prior to sentencing, Crawford's counsel filed a motion to withdraw, citing a breakdown in the attorney-client relationship; the motion was granted. [DE 29; DE 30.]

Crawford obtained new appointed counsel. [DE 33; DE 34; DE 35; DE 36.] He then sought to withdraw his guilty plea [DE 41], and Judge Moody granted the motion [DE 44], noting that the Court had not yet accepted the plea, so it could be withdrawn "for any reason or no reason," *id.* (citing Fed. Crim. P. 11(d)(1); *United States v. Shaker*, 279 F.3d 494, 498 (7th Cir. 2002)). Crawford also filed a motion to suppress, which was ultimately denied. [DE 48; DE 49; DE 59; DE 82.] In late 2022, the parties anticipated proceeding to trial and made various pretrial filings. [*See* DE 91; DE 98; DE 101.]

I received the case by reassignment from Judge Moody on January 3, 2023. [DE 96.] On March 20, 2023, the parties provided notice that Crawford intended to enter a written plea agreement. [DE 107.] A change of plea hearing was held March 31, and thereafter I accepted the findings and recommendation as to Crawford's guilty plea, adjudged him guilty of the indictment, and set the matter for sentencing on July 18. [DE 112; DE 113.] As previously noted, sentencing was set and then postponed, in light of Crawford's pending motion. [DE 128.]

## Discussion

A defendant may seek to withdraw a plea of guilty adopted by the court by showing a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Crawford asserts that because the statute he is charged with violating is unconstitutional, he is legally innocent of the charge and should be allowed to withdraw his guilty plea. *See United States v. Gomez-Orozco*, 188 F.3d 422, 425 (7th Cir. 1999). In addition, a defendant may move before trial to dismiss an indictment for failure to state

3

an offense. Fed. R. Crim. P. 12(b)(3)(B). Such a motion can be made on the basis that the charged offense is based on an unconstitutional statute. *See United States v. Holden*, 2022 WL 17103509, at *2 (N.D. Ind. Oct. 31, 2022) (internal citations omitted). That is the basis upon which Crawford seeks dismissal of the indictment in this case. According to Crawford, the indictment must dismissed because the statutory prohibition on convicted felons possessing firearms violates his Second Amendment right to keep and bear arms.

The Second Amendment states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. Amend. II. In *District of Columbia v. Heller*, the Supreme Court identified the "core" of the Second Amendment as: "the right of *law-abiding, responsible citizens* to use arms in defense of hearth and home." *Kanter v. Barr*, 919 F.3d 437, 441 (7th Cir. 2019) (emphasis added) (quoting *Heller*, 554 U.S. at 634–35), *abrogated by Bruen*, 142 S. Ct. 2111 (2022). The Court in *Heller* made clear that "the right secured by the Second Amendment is not unlimited." 554 U.S. at 626. Indeed, the Supreme Court emphasized that "nothing in our opinion should be taken to cast doubt on . . . laws imposing conditions and qualifications on commercial sale of arms." *Id*. at 626–27. To punctuate the point, the Court went on to even say that these kinds of restrictions on the commercial sale of firearms are "presumptively lawful." *Id*. at 627 n.26. A few years later, a plurality of the Court in *McDonald v. City of Chicago* repeated its assurances that *Heller* "did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons." 561 U.S. at 768.

After *Heller*, the Seventh Circuit advanced a two-step test for looking at Second Amendment challenges. *Kanter*, 919 F.3d at 441. The threshold question in this framework was "whether the regulated activity falls within the scope of the Second Amendment." *Id.* (quoting *Ezell v. City of Chicago*, 846 F.3d 888, 892 (7th Cir. 2017)). Then, "if the historical evidence is inconclusive or suggests that the regulated activity is not categorically unprotected," courts conducted "a second inquiry into the strength of the government's justification for restricting or regulating the exercise of Second Amendment rights." *Id.*

However, in *Bruen*, the Supreme Court held that the two-step approach was "one step too many." *Bruen*, 142 S. Ct. at 2127. *Bruen* involved a New York law making it a crime to possess a firearm without a license, both inside and outside the home. A person could obtain a license for a firearm, but they had to demonstrate a specific need for self-defense. The Court held the Second Amendment protects an individual's right to carry a handgun for self-defense both in the home and outside of the home, and that New York's licensing plan violated the Constitution. When evaluating whether a regulation on Second Amendment rights is constitutional, *Bruen* instructs the courts to use the following standard:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation.  Only then may a court conclude that the individual's conduct falls outside the Second Amendment's unqualified command.

*Id.* at 2129–30.

Crawford asserts that § 922(g)(1) does not pass either prong of *Bruen* test. First, he argues that his conduct, being a felon in possession of a firearm, is covered by the plain text of the Second Amendment. Second, he argues that the government cannot demonstrate that § 922(g)(1) is consistent with historical firearm regulation in the United States and shares no historical legal analogue. [DE 125 at 5.] As tempting as it is to pore over colonial era gun laws and muse on whether they are an adequate proxy to § 922(g)(1), in this case doing so would take the analysis a step too far. As the government points out in its brief [DE 129 at 6–9], the Supreme Court has stated that restrictions on felons possessing firearms are permissible.

Nothing in *Bruen* indicates the Court intended to change its view on the matter. Indeed, the opposite is true. *Bruen*, in no uncertain terms, reaffirmed the Second and Fourteenth Amendment right of an "ordinary, *law-abiding citizen* to possess a handgun in the home for self-protection" recognized in *Heller* and *McDonald*. 142 S. Ct. at 2122 (emphasis added). This notion is reiterated *twice* in the two opening sentences of the decision and in over a dozen other instances in the majority opinion, including the final paragraph summarizing the Court's holding. *Id.* at 2125–26 ("New York's proper-cause requirement violates the [Constitution] in that it prevents *law-abiding citizens* with ordinary self-defense needs from exercising their right to keep and bear arms." (emphasis added)). Justices Alito and Kavanaugh, in concurring opinions, mirrored this language in striking down New York's licensing plan. *Id.* at 2159 (Alito, J., concurring)

6

("All we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense."); *id.* at 2162 (Kavanaugh, J., concurring) ("Nothing in [*Bruen*] should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." (quoting *Heller*, 554 U.S. at 626–27)). In my way of thinking, convicted felons by definition are not "law abiding citizens." As a consequence, they are not protected by the Second Amendment. If the Supreme Court meant to include felons in its definition of "law-abiding citizen" then I will leave it up to that Court (or the Seventh Circuit) to say so. For now, I am satisfied that any claim that convicted felons are law-abiding citizens would be an unreasonable interpretation of what the Supreme Court has repeatedly said.

My conclusion that the Second Amendment does not protect the right of felons to possess firearms in light of the *Bruen* line of decisions is reinforced by the persuasive weight of lower court authority finding § 922(g)(1) constitutional under similar reasoning. *See, e.g.*, *United States v. Braster*, 2023 WL 2346282, at *2 (N.D. Ind. Mar. 2, 2023); *United States v. Price*, 2023 WL 1970251 (N.D. Ill. Feb. 13, 2023); *United States v. Garrett*, 2023 WL 157961 (N.D. Ill. Jan. 11, 2023); *United States v. King*, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Charles*, 2022 WL 4913900 (W.D. Tex. Oct. 3, 2022); *United States v. Siddoway*, 2022 WL 4482739 (D. Idaho Sept. 27, 2022); *United States v. Collette*, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. Coombes*, 2022 WL 4367056 (N.D. Okla. Sept. 21, 2022); *United States v. Hill*, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Cockerham*, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United*

*States v. Jackson*, 2022 WL 4226229 (D. Minn. Sept. 13, 2022); *United States v. Burrell*, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022); *United States v. Ingram*, 2022 WL 3691350 (D.S.C. Aug. 25, 2022).

Crawford urges me to conclude that the Court's repeated statements emphasizing the rights of "law-abiding, responsible" citizens to possess firearms does not limit the scope of the Second Amendment, because these statements are merely "dicta." [DE 125 at 7.] I disagree. The fact that the Court has repeatedly reaffirmed such rights strongly suggests the text of the Second Amendment does not cover convicted felons' possession of firearms. And I find it notable that Crawford fails to identify any case law preceding the *Heller* line of decisions in which the Court indicated that convicted felons' possession of firearms is presumptively covered by the text of the Second Amendment.

It is true that in the past, the Seventh Circuit expressed "reluctan[ce]" to hold that *Heller* defined the outer boundaries of "the people" protected by the Second Amendment. *United States v. Meza-Rodriguez*, 798 F.3d 664, 669 (7th Cir. 2015). But as the Seventh Circuit recently acknowledged, *Meza-Rodriguez* was decided without the benefit of *Bruen*, and thus does not control whether Crawford is entitled to withdraw his plea and obtain dismissal the indictment pursuant to *Bruen*. *Atkinson v. Garland*, 70 F.4th 1018, 1023 (7th Cir. 2023). In *Atkinson*, the Seventh Circuit remanded on the issue whether convicted felons are protected by the plain text of the Second Amendment. The Court concluded that it "cannot resolve the issue without the benefit of more substantial briefing on remand." *Id.* at 1023. I have had the benefit of briefing on the issue and

conclude that the Supreme Court meant what it said – convicted felons are not law-abiding citizens protected by the Second Amendment.

Given my conclusion that, in light of *Bruen*, the Second Amendment does not protect the rights of convicted felons to possess firearms, I decline to evaluate whether felon-in-possession statutes have sufficient grounding in the nation's historical tradition of firearm regulation to pass muster under the second prong of the *Bruen* framework.

**ACCORDINGLY:**

Defendant Dwayne Crawford's Motion to Withdraw Plea and Dismiss the Indictment on Second Amendment Grounds [DE 125] is **DENIED**.

**SO ORDERED**.

ENTERED: August 29, 2023.

                                              /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT